Nellie Carlin, Administratrix, Appellee, v. Michigan Central Railroad Company et al., on appeal of Illinois Central Railroad Company, Appellant.

Gen. No. 18,958.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 7, 1914.

## Statement of the Case.

Action by Nellie Carlin, administratrix of the estate of Joseph Doskofsky, deceased, against Michigan Central Railroad Company and Illinois Central Railroad

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company to recover damages for the wrongful death of plaintiff's intestate. Before final judgment the suit was dismissed as to the Michigan Central Railroad Company. From a judgment entered on a verdict against the Illinois Central Railroad Company for ten thousand dollars, that company appeals.

CALHOUN, LYFORD & SHEEAN, for appellant; JOHN G. DRENNAN, of counsel.

DARROW & BAILY, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. DISMISSAL, NONSUIT AND CONTINUANCE, § 25*—*when dismissal as to one defendant does not render declaration insufficient against other*. In an action against two railroad companies for the wrongful death of plaintiff's intestate caused by being struck by a train of one of the defendants using the tracks of the other at a street crossing, where the latter maintained gates which were alleged to be up at the time deceased approached the crossing, *held* that a dismissal of the suit as to the defendant which operated the train amounted to an amendment of the declaration so as to state a cause of action against the other defendant alone, it being contended that the declaration did not charge any act of the defendant which owned the tracks as being alone sufficient to cause the injury.

2. APPEAL AND ERROR, § 1241*—*when error in instructions cannot be complained of*. It is not reversible error to give a faulty instruction when other instructions given at the instance of the complaining party are faulty for the same reason.

3. APPEAL AND ERROR, § 1241*—*when instructions given for codefendant cannot be complained of*. One defendant cannot complain of an error in an instruction given at the instance of his codefendant.

4. INSTRUCTIONS, § 48*—*when properly refused for characterizing testimony as certain and uncertain*. A requested instruction characterizing the testimony of defendant's witnesses as "positive and certain evidence" and that of the plaintiff's witnesses as "uncertain," *held* properly refused.

5. RAILROADS, § 772*—*when requested instruction properly re-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*fused as ignoring facts.* In an action against a railroad company to recover for the death of plaintiff's intestate by being struck by a train at a street crossing where gates were maintained, a requested instruction undertaking to define the duty of the deceased in regard to looking for the approaching train and entirely ignoring the fact that the gates were up, *held* properly refused.

6. RAILROADS, § 772*—*when requested instruction on question of due care properly refused.* A requested instruction announcing as law that if the deceased by the exercise of ordinary care for his own safety could have seen the approaching train "in time to have prevented the accident" then the plaintiff could not recover, *held* properly refused, since the instruction improperly required the deceased exercise more than ordinary care to prevent the accident.

7. RAILROADS, § 681*—*right to cross tracks when gates are up.* When crossing gates are maintained at the intersection of railway tracks and streets, particularly where large numbers of persons are in the habit of passing, the fact that the gates are left up amounts to an invitation to cross the tracks and to notice that no train is approaching and that it is safe to cross.

8. RAILROADS, § 631*—*when negligence of gateman at crossing not excused.* Negligence of gateman at a highway crossing in leaving gates up when train was approaching, *held* not excused by the fact that he left his post to assist ladies over the crossing.

9. APPEAL AND ERROR, § 1713*—*when errors assigned are waived.* An assignment for error that a verdict and judgment are excessive will not be considered when not mentioned in the argument.